## (March 25, 1969)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE CLARK, Appellant.— Judgment entered January 10, 1968, adjudicating defendant a youthful offender and sentencing him to the New York City Reformatory for Misdemeanants, unanimously affirmed. Defendant was tried, without a jury, on a youthful offender information charging him with two specifications of unlawful conduct: 1. that he " did break and enter " a specified dwelling " with intent to commit a crime therein " and 2. that, at the same time he " did * * * steal certain property * * * having an aggregate value of $30 ". The former Penal Law obtained at the time of arrest which makes the specifications equivalent, if committed by an adult offender, respectively to charges of burglary, third degree (§ 404), and petit larceny (§ 1298). The difficulty here encountered arises from the Trial Justice's omission to make a finding of specification of guilt, contenting himself with the conclusion:

"defendant is adjudged a youthful offender." Such disposition was insufficient by reason of "failure to specify the acts, otherwise criminal, supporting the determination that defendant is a youthful offender." (*People* v. *Sykes*, 22 N Y 2d 159, 163; Code Crim. Pro., § 913-j.) Indeed, the District Attorney has agreed to remand to Supreme Court for a finding on this point. Such remand is, however, not necessary in the circumstances found. "Nevertheless, the statute is not here read nor should it be read to require formal findings as the law contemplates in other matters. The statute is satisfied if it appears that the court is expressing a finding on identifiable material culpable acts. Where there is only one such act, as, e.g., an assault, or simple larceny, any adjudication of guilt suffices. But, where, as here, there are several charges, with different elements, and there may be sufficient or satisfactory evidence as to some and not as to others, the court, however informally, should express the culpable acts upon which it is basing its adjudication." (*People* v. *Sykes, supra,* p. 164.) The trial record meets the test set forth in the last sentence for it points to the possibility of conviction only of one charge. The record contains no evidence that would have justified conviction of either burglary, third degree, or petit larceny if charged against an adult; it does, however, present clear and convincing evidence of the lesser crime, under the first specification, of unlawful entry (Penal Law, § 405). Such a finding is implicit in the court's conclusion of adjudication as a youthful offender and is therefore deemed to have been made as the only finding justified by the evidence and the adjudication. (See *People* v. *O'Donnell*, 2 A D 2d 971). Other errors are claimed to have been made in the police officer's explanation of his presence, and the accusation leveled by the complaining witness against defendant. Neither contributed to the result of conviction. The judgment should be affirmed. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Markewich, JJ.